UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY JONES,<br>Plaintiff,<br>v.<br>AYON, et al.,<br>Defendants. | No. 1:26-cv-01487-JLT-SAB (PC)<br>ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED AS BARRED BY THE STATUTE OF LIMITATIONS<br>(ECF No. 1) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's complaint, filed February 20, 2026.

**SCREENING REQUIREMENT**

The Court is required to conduct a preliminary screening of any civil action in which a plaintiff proceeds in forma pauperis and dismiss any claims that are frivolous, malicious, or fail to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B). Dismissal is proper only where a complaint fails to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In determining whether a plaintiff has stated a claim, the Court accepts as true the factual allegations contained in the complaint and views all inferences in a light most favorable to the plaintiff. Park v. Thompson, 851 F.3d 910, 918 (9th Cir. 2017). The Court does not, however, "accept as true allegations that are merely conclusory,

unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001)). Moreover, where a plaintiff is appearing pro se, particularly in civil rights cases, courts construe pleadings liberally and afford the plaintiff any benefit of the doubt. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012).

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

Since 2006, Plaintiff has been a member of the Americans with Disabilities Act which protects disabled individuals from unlawful discrimination and retaliation.

In January 2016, Plaintiff exercised his rights under the First Amendment to file a complaint against officer M. Ayon and his wife officer H. Ayon for violation of the ADA. In December 2015, the facility was on lockdown and Plaintiff was not allowed to shower for five days. The lockdown shower program was abruptly stopped before Plaintiff could shower due to marital dispute between Defendant officer M. Ayon and his wife officer H. Ayon. Plaintiff attempted to explain to officer H. Ayon that it had been five days since his last shower and he could not bathe in his cell. However, officer H. Ayon refused to allow Plaintiff to shower and told him to "602 it." Plaintiff immediately asked to speak with officer H. Ayon's supervisor, and her husband Defendant officer M. Ayon responded. The officers proceeded to take their martial dispute out on Plaintiff by allowing him to shower at the expense of having his cell destroyed. The officers concocted a lie of smelling alcohol during chow to justify the retaliatory cell search. Plaintiff's property was thrown everywhere and destroyed. Plaintiff received a bogus CDCR 115 rules violation report for possession of alcohol for which he was found guilty. Plaintiff filed a complaint against both officers and requested, among other things, that they no longer be allowed to work on the same yard or building. After filing the complaint, Plaintiff noticed that the officers never worked in the same building again.

Plaintiff was able to avoid Defendant Ayon until about a year later when he was

transferred back to California Substance Abuse Treatment Facility and State Prison, Corcoran. Defendant M. Ayon wasted no time and began retaliating against Plaintiff by searching his cell and failing to pack certain medical supplies when he transferred to administrative segregation. Defendant Ayon also threw away a large box of Plaintiff's legal materials, along with food and cosmetics. Plaintiff told sergeant Castellic that M. Ayon was retaliating against him because he filed a complaint. Sergeant Castellic assured Plaintiff that he checked the items and certain items not listed on the inventory sheet were indeed packed. Castellic rushed Plaintiff to sign the inventory sheet and threatened not to send his property if he failed to do so.

Plaintiff and officer Melgar reviewed the boxes of his property and Plaintiff immediately notified him of all the missing items, including the missing box. Plaintiff explained that he was not allowed to personally inventory his property and was forced to sign under duress. Sergeant Castellic also assured Plaintiff that if any property was missing he would take care of it when Plaintiff was released from administrative segregation. However, Plaintiff was not transferred back and it was all a ploy to get rid of Plaintiff and deprive him of his belongings.

**III.**

**DISCUSSION**

Plaintiff commenced this action by filing his Complaint on February 20, 2026. (ECF No. 1.) Plaintiff's claims are based on allegations that took place in 2015-2016.

Plaintiff's complaint appears to be barred by the applicable statute of limitations. While it generally must be raised as an affirmative defense, a time-barred claim may be dismissed at the screening stage when expiration of the applicable statute of limitations is apparent on the face of the complaint. See Belanus v. Clark, 796 F.3d 1021, 1026-27 (9th Cir. 2015); see also Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010) (explaining claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations when the running of the statute is apparent on the face of the complaint); Cervantes v. City of San Diego, 5 F.3d 1273, 1276 (9th Cir. 1993) (indicating failure to comply with applicable statute of limitations may be grounds for dismissal at the screening phase if it is evident from the face of the complaint that the plaintiff cannot "prevail, as a matter of law, on the

equitable tolling issue").

Section 1983 contains no specific statute of limitations. Therefore, federal courts apply the forum state's statute of limitations for personal injury actions. Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004); Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999). California's statute of limitations for personal injury actions is two years. Cal. Civ. Proc. Code § 335.1; Jones, 393 F.3d at 927; Maldonado, 370 F.3d at 954–55.

Federal law determines when a civil rights claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action." Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009) (citation omitted); Maldonado, 370 F.3d at 955; Fink, 192 F.3d at 914.

In actions where the federal court borrows the state statute of limitations, courts should also borrow all applicable provisions for tolling the limitations found in state law. Jones, 393 F.3d at 927. Under California law, the two-year statute of limitations is tolled during the time a prisoner pursues his administrative remedies and is potentially tolled up to an additional two years if Plaintiff is incarcerated for a term of less than life. Douglas, 567 F.3d at 1109 ("State law governs the statute of limitations period for § 1983 suits and closely related questions of tolling. Section 1983 claims are characterized as personal injury suits for statute of limitations purposes." (citations omitted)); Brown v. Valoff, 422 F.3d 926, 943 (9th Cir. 2005) ("[T]he applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process."); Cal. Civ. Proc. Code §§ 335.1, 352.1(a) ("If a person entitled to bring an action, ..., is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.").

California law also provides for equitable tolling of the statute of limitations where a plaintiff meets three conditions: "(1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct must have been reasonable and in good faith." Fink, 192 F.3d at 916 (citation and quotation marks omitted); see also Addison v. State of Cal., 21 Cal. 3d 313, 319 (1978)

(citations omitted). The plaintiff bears the burden to allege facts to support equitable tolling. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

Based on the allegations in Plaintiff's complaint, it appears his claims are based on incidents which took place in 2015-2016. Plaintiff's claims therefore accrued in 2016, and it is apparent from the face of the complaint that he knew then of the injury that was the basis of his claims. Assuming that Plaintiff was entitled to an additional two years to file his claim due to his incarceration, Plaintiff's complaint must have been filed no later than 2020. However, the complaint in this action was signed and filed with the Court on February 20, 2026.

On March 2, 2026, the assigned District Judge found *this* action to be related under Local Rule 123 to Jones v. Ayon, 1:21-cv-00809-JLT-SAB, because the actions involve overlapping parties, properties, claims, events and/or questions of fact or law. (ECF No. 6.) That action was voluntarily dismissed, without prejudice, at Plaintiff's request on October 30, 2024.

"A voluntary dismissal of the first suit does not toll the statute of limitations." Wood v. Elling Corp., 20 Cal. 3d 353, 361 (1977)) ("If a timely action dismissed without prejudice were, without more, to have the effect of tolling the statute of limitations during the pendency of that action, an indefinite extension of the statutory period—through successive filings and dismissals—might well result.").

In an appropriate case, the statute of limitations might be tolled for time spent pursuing a remedy in a separate forum before filing the claim in federal court. "The doctrine of equitable tolling, however, only applies where the plaintiff has alternate remedies and has acted in good faith." Thomas v. Gilliland, 95 Cal. App. 4th 427, 525 (2002); Martell v. Antelope Valley Hosp. Med. Ctr., 67 Cal. App. 4th 978, 985 (1998) ("[A]ppellants pursued successive claims in the same forum, and therefore equitable tolling did not apply"). That is, Plaintiff's first action was not one of several legal remedies that he chose to pursue in order to "lessen the extent of his injuries or damage." Cervantes, 5 F.3d at 1275.

The Bollinger rule of tolling will apply when "(1) the plaintiff [has] diligently pursued his or her claim; (2) the fact that the plaintiff is left without a judicial forum for resolution of the claim [is] attributable to forces outside the control of the plaintiff, [i.e., the dismissal of the first

action was in error and, thus, due to forces outside of his own control]; and (3) the defendant [is not] prejudiced by application of the doctrine (which is normally not a factor since the defendant will have had notice of the first action)." Bollinger v. National Fire Ins. Co., 25 Cal.2d 399 (1944); Hull v. Cent. Pathology Serv. Med. Clinic, 28 Cal. App. 4th 1328, 1336 (1994) (brackets added). California law makes clear that in order to be entitled to equitable tolling under the Bollinger rule, a plaintiff must demonstrate all three Bollinger factors. See Allen v. Greyhound Lines, Inc., 656 F.2d 418, 421 (9th Cir. 1981) ("The [California Supreme Court] thus made it clear that to avoid the literal language of [section 335], the plaintiff must demonstrate the existence of those three factors present in Bollinger."); Hull, 28 Cal. App. 4th at 1337 (reiterating that the three Bollinger factors are prerequisites expressly required to apply tolling); Wood, 20 Cal. 3d at 361 ("the concurrence of the three factors present in Bollinger is essential to an application of the rule").

As it appears from the face of the complaint that Plaintiff's claim are time-barred, Plaintiff shall be given the opportunity to show why the action should not be dismissed. Specifically, Plaintiff should address whether his complaint was timely filed, and if not, whether equitable tolling applies to allow this action to continue.

Accordingly, it is HEREBY ORDERED that:

1. Within **twenty-one (21)** days from the date of service of this order, Plaintiff shall show cause, in writing, why this action should not be dismissed as barred by the statute of limitations; and
2. Failure to comply with this order will result in a recommendation to dismiss this action.

IT IS SO ORDERED.

Dated: **July 21, 2026**

STANLEY A. BOONE
United States Magistrate Judge