UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY JONES,<br>Plaintiff,<br>v.<br>AYON, et al.,<br>Defendants. | No. 1:26-cv-01487-JLT-SAB (PC)<br>ORDER DISCHARGING JULY 21, 2026 ORDER TO SHOW CAUSE<br>(ECF No. 9)<br>FINDINGS AND RECOMMENDATIONS THAT THIS MATTER BE DISMISSED AS BARRED BY THE STATUTE OF LIMITATIONS<br>(ECF No. 1) |

Plaintiff is proceeding *pro se* and *in forma pauperis* in this action filed pursuant to 42 U.S.C. § 1983. On July 21, 2026, the Court screened the complaint and issued an order to show cause ordering Plaintiff to show cause why this action should not be dismissed as barred by the statute of limitations. (ECF No. 9.) On September 17, 2026, Plaintiff filed a response to the order to show cause. (ECF No. 12.) Upon review of the response, the complaint, and the applicable law, the Court will issue findings and recommendations recommending that this action be dismissed.

**I.**

**SCREENING REQUIREMENT**

The Court is required to conduct a preliminary screening of any civil action in which a plaintiff proceeds *in forma pauperis* and dismiss any claims that are frivolous, malicious, or fail to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B). Dismissal is proper only where a complaint fails to "contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)M quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In determining whether a plaintiff has stated a claim, the Court accepts as true the factual allegations contained in the complaint and views all inferences in a light most favorable to the plaintiff. Park v. Thompson, 851 F.3d 910, 918 (9th Cir. 2017). The Court does not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008), quoting Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). Moreover, where a plaintiff is appearing *pro se*, particularly in civil rights cases, courts construe pleadings liberally and afford the plaintiff any benefit of the doubt. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012).

## II.

## COMPLAINT ALLEGATIONS

Since 2006, Plaintiff has been a member of the Americans with Disabilities Act which protects disabled individuals from unlawful discrimination and retaliation.

In January 2016, Plaintiff exercised his rights under the First Amendment to file a complaint against officer M. Ayon and his wife officer H. Ayon for violation of the ADA. In December 2015, the facility was on lockdown and Plaintiff was not allowed to shower for five days. The lockdown shower program was abruptly stopped before Plaintiff could shower due to marital dispute between Defendant officer M. Ayon and his wife officer H. Ayon. Plaintiff attempted to explain to officer H. Ayon that it had been five days since his last shower and he could not bathe in his cell. However, officer H. Ayon refused to allow Plaintiff to shower and told him to "602 it." Plaintiff immediately asked to speak with officer H. Ayon's supervisor, and her husband Defendant officer M. Ayon responded. The officers proceeded to take their martial dispute out on Plaintiff by allowing him to shower at the expense of having his cell destroyed. The officers concocted a lie of smelling alcohol during chow to justify the retaliatory cell search. Plaintiff's property was thrown everywhere and destroyed. Plaintiff received a bogus CDCR 115

rules violation report for possession of alcohol for which he was found guilty. Plaintiff filed a complaint against both officers and requested, among other things, that they no longer be allowed to work on the same yard or building. After filing the complaint, Plaintiff noticed that the officers never worked in the same building again.

Plaintiff was able to avoid Defendant Ayon until about a year later when he was transferred back to California Substance Abuse Treatment Facility and State Prison, Corcoran. Defendant M. Ayon wasted no time and began retaliating against Plaintiff by searching his cell and failing to pack certain medical supplies when he transferred to administrative segregation. Defendant Ayon also threw away a large box of Plaintiff's legal materials, along with food and cosmetics. Plaintiff told sergeant Castellic that M. Ayon was retaliating against him because he filed a complaint. Sergeant Castellic assured Plaintiff that he checked the items and certain items not listed on the inventory sheet were indeed packed. Castellic rushed Plaintiff to sign the inventory sheet and threatened not to send his property if he failed to do so.

Plaintiff and officer Melgar reviewed the boxes of his property and Plaintiff immediately notified him of all the missing items, including the missing box. Plaintiff explained that he was not allowed to personally inventory his property and was forced to sign under duress. Sergeant Castellic also assured Plaintiff that if any property was missing, he would take care of it when Plaintiff was released from administrative segregation. However, Plaintiff was not transferred back, and it was all a ploy to get rid of Plaintiff and deprive him of his belongings.

**III.**

**DISCUSSION**

Plaintiff commenced this action by filing his Complaint on February 20, 2026. (ECF No. 1.) Plaintiff's claims are based on allegations that took place in 2015-2016. Plaintiff's complaint appears to be barred by the applicable statute of limitations. While it generally must be raised as an affirmative defense, a time-barred claim may be dismissed at the screening stage when expiration of the applicable statute of limitations is apparent on the face of the complaint. See Belanus v. Clark, 796 F.3d 1021, 1026-27 (9th Cir. 2015); see also Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010) (explaining claim may be

dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations when the running of the statute is apparent on the face of the complaint); Cervantes v. City of San Diego, 5 F.3d 1273, 1276 (9th Cir. 1993) (indicating failure to comply with applicable statute of limitations may be grounds for dismissal at the screening phase if it is evident from the face of the complaint that the plaintiff cannot "prevail, as a matter of law, on the equitable tolling issue").

Section 1983 contains no specific statute of limitations. Therefore, federal courts apply the forum state's statute of limitations for personal injury actions. Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004); Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999). California's statute of limitations for personal injury actions is two years. Cal. Civ. Proc. Code § 335.1; Jones, 393 F.3d at 927; Maldonado, 370 F.3d at 954-55. Federal law determines when a civil rights claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action." Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009) (citation omitted); Maldonado, 370 F.3d at 955; Fink, 192 F.3d at 914.

In actions where the federal court borrows the state statute of limitations, courts should also borrow all applicable provisions for tolling the limitations found in state law. Jones, 393 F.3d at 927. Under California law, the two-year statute of limitations is tolled during the time a prisoner pursues his administrative remedies and is potentially tolled up to an additional two years if Plaintiff is incarcerated for a term of less than life. Douglas, 567 F.3d at 1109 ("State law governs the statute of limitations period for § 1983 suits and closely related questions of tolling. Section 1983 claims are characterized as personal injury suits for statute of limitations purposes.") (citations omitted); Brown v. Valoff, 422 F.3d 926, 943 (9th Cir. 2005) ("[T]he applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process."); Cal. Civ. Proc. Code §§ 335.1, 352.1(a) ("If a person entitled to bring an action, . . ., is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two

years.”).

California law also provides for equitable tolling of the statute of limitations where a plaintiff meets three conditions: “(1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff’s conduct must have been reasonable and in good faith.” Fink, 192 F.3d at 916 (citation and quotation marks omitted); see also Addison v. State of Cal., 21 Cal. 3d 313, 319 (1978) (citations omitted). The plaintiff bears the burden to allege facts to support equitable tolling. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

On March 2, 2026, the assigned District Judge found *this* action to be related under Local Rule 123 to Jones v. Ayon, 1:21-cv-00809-JLT-SAB, because the actions involve overlapping parties, properties, claims, events and/or questions of fact or law. (ECF No. 6.) That action was voluntarily dismissed, without prejudice, at Plaintiff’s request on October 30, 2024. As relevant here, “[a] voluntary dismissal of the first suit does not toll the statute of limitations.” Wood v. Elling Corp., 20 Cal. 3d 353, 361 (1977) (“If a timely action dismissed without prejudice were, without more, to have the effect of tolling the statute of limitations during the pendency of that action, an indefinite extension of the statutory period—through successive filings and dismissals—might well result.”).

In an appropriate case, the statute of limitations might be tolled for time spent pursuing a remedy in a separate forum before filing the claim in federal court. “The doctrine of equitable tolling, however, only applies where the plaintiff has alternate remedies and has acted in good faith.” Thomas v. Gilliland, 95 Cal. App. 4th 427, 525 (2002); Martell v. Antelope Valley Hosp. Med. Ctr., 67 Cal. App. 4th 978, 985 (1998) (“[A]ppellants pursued successive claims in the same forum, and therefore equitable tolling did not apply”). That is, Plaintiff’s first action was not one of several legal remedies that he chose to pursue in order to “lessen the extent of his injuries or damage.” Cervantes, 5 F.3d at 1275.

The Bollinger rule of tolling will apply when “(1) the plaintiff [has] diligently pursued his or her claim; (2) the fact that the plaintiff is left without a judicial forum for resolution of the claim [is] attributable to forces outside the control of the plaintiff, [*i.e.*, the dismissal of the first

action was in error and, thus, due to forces outside of his own control]; and (3) the defendant [is not] prejudiced by application of the doctrine (which is normally not a factor since the defendant will have had notice of the first action)." Bollinger v. National Fire Ins. Co., 25 Cal.2d 399 (1944); Hull v. Cent. Pathology Serv. Med. Clinic, 28 Cal. App. 4th 1328, 1336 (1994) (brackets added). California law makes clear that in order to be entitled to equitable tolling under the Bollinger rule, a plaintiff must demonstrate all three Bollinger factors. See Allen v. Greyhound Lines, Inc., 656 F.2d 418, 421 (9th Cir. 1981) ("The [California Supreme Court] thus made it clear that to avoid the literal language of [section 335], the plaintiff must demonstrate the existence of those three factors present in Bollinger."); Hull, 28 Cal. App. 4th at 1337 (reiterating that the three Bollinger factors are prerequisites expressly required to apply tolling); Wood, 20 Cal. 3d at 361 ("[T]he concurrence of the three factors present in Bollinger is essential to an application of the rule.").

Based on the allegations in Plaintiff's complaint, Plaintiff's claims are founded upon incidents which took place in 2015-2016. Plaintiff's claims therefore accrued in 2016, and it is apparent from the face of the complaint that he knew then of the injury that was the basis of his claims. Assuming that Plaintiff was entitled to an additional two years to file his claim due to his incarceration, Plaintiff's complaint must have been filed no later than 2020. However, the complaint in this action was signed and filed with the Court on February 20, 2026. Therefore, because it appeared from the face of the complaint that Plaintiff's claims were time-barred, the Court gave Plaintiff an opportunity to show why the action should not be dismissed. Specifically, the Court directed Plaintiff to address whether his complaint was timely filed, and if not, whether equitable tolling applies to allow this action to continue. (ECF No. 9.)

On September 17, 2026, Plaintiff filed a response wherein he states, "with regards to tolling, the Plaintiff has always relied upon the guidelines set forth in the California State Prisoners Handbook that gives 'most prisoners' up to four years in which to file for money damages, to which the Plaintiff falls within these guidelines." (ECF No. 12, p. 1.) Plaintiff continues, "[a]lso, the Plaintiff falls within the guidelines set forth in West's Ann. Cal. C.C.P. § 358 which states: when two or more disabilities coexist at the time the right of action occurs, the

limitations do not attach until they are removed. At the time the right of action occurred, the Plaintiff was confined to his wheelchair, a participant in the mental health program at the CCCMS level as well as suffered from crippling, debilitating migraines that left/leaves him bedridden for days, all of which are permanent. Therefore, with the Plaintiff have three coexisting disabilities that are permanent, with one that directly [a]ffected his decision to voluntarily withdraw this case when his father died, this case should most definitely move forward." (Id. at pp. 1, 2.)

The Court finds that Plaintiff does not dispute that the events underlying his claims occurred in 2015-16. Giving Plaintiff the benefit of having the claims accrue in 2016, the latest Plaintiff could bring an action would be in 2020, which includes the two-year tolling and two-year statute of limitations. Thus, Plaintiff's assertion that he fits into the four-year tolling and statute of limitations is conclusory.

Plaintiff's citation to California Code of Civil Procedure is of no moment here. Though § 358 states, "[w]hen two or more disabilities coexist at the time the right of action accrues, the limitation does not attach until they are removed," Plaintiff has not demonstrated that he was subject to two or more disabilities as defined under Chapter Four, General Provisions as to the Time of Commencing Actions. For example, these disabilities include: disability of minority or lack of legal capacity, Cal. C.C.P. § 352; disability of imprisonment, Id. at § 352.1 (which provides the 2-year tolling described and accounted for above); and disability during war, Id. at § 354. Plaintiff has not directed the Court to, nor has the Court found on its own, sections of the Cal. C.C.P. that contemplate disability including being wheelchair bound, a participant in a mental health program, or migraines.

Finally, even giving Plaintiff every reasonable inference, the Court finds that Plaintiff has not demonstrated any of the three Bollinger factors or otherwise demonstrated that equitable tolling is appropriate here.

Therefore, the Court will recommend that this matter be dismissed as barred by the statute of limitations.

/ / /

## IV.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that this matter be dismissed as barred by the statute of limitations.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14)** days after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Objections, if any, shall not exceed **fifteen (15) pages**. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate [judge's] factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014), citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **October 13, 2026**

STANLEY A. BOONE
United States Magistrate Judge